[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Teral Batton, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of aggravated robbery with a firearm specification. He was convicted of the offense following a jury trial.
At trial, Dale Smith, a taxicab driver, testified that he had picked up Batton in the early morning hours of February 22, 1999. Smith's girlfriend, Velma Bishop, was also in the cab.
Batton instructed Smith to drive to downtown Cincinnati and told him that he would get the money for the fare from his mother when they arrived. After Smith drove to Court Street, Batton left the cab and returned a short time later. According to Smith, Batton then pointed a gun at Bishop's head and demanded that Smith give him money. Smith gave him the one hundred dollars in fares that he had received that day. Bishop corroborated Smith's testimony in all salient respects.
Batton took the stand in his own defense. He confirmed that he had been a passenger in Smith's taxicab and stated that it was his plan to borrow the money for the fare when he arrived downtown. He testified that he was unable to borrow the money, and that when he returned to the cab, he retrieved a book bag that he had left in the back seat and fled. Batton denied that he had brandished a gun and stated that he did not demand or take money from Smith or Bishop.
The jury found Batton guilty of aggravated robbery and robbery, with a firearm specification.[1] The trial court found that the robbery was an allied offense of similar import and sentenced Batton to five years' incarceration for aggravated robbery and to three years' actual incarceration for the firearm specification.
In his first and second assignments of error, Batton argues that the state presented insufficient evidence to support the conviction. In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[2]
R.C. 2911.01, the aggravated-robbery statute, provides the following:
 No person, in attempting or committing a theft offense * * * shall do any of the following:
 Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate the offender possesses it, or use it * * *.
Here, Smith and Bishop testified that Batton brandished a handgun and demanded money. Smith, fearing for his own safety and for the safety of Bishop, gave Batton approximately one hundred dollars. The state therefore adduced competent evidence as to each element of the offense, and a rational trier of fact could have found Batton guilty of aggravated robbery.
Also, we find no infirmity in the finding of guilt as to the firearm specification. To establish a firearm specification, the state is required to prove that the weapon was capable of firing a projectile and was operable or could readily have been rendered operable at the time of the offense. But R.C. 2923.11(B)(2) provides that, in determining whether a weapon is capable of firing a projectile, "the trier of fact may rely on circumstantial evidence, including, but not limited to, the representations and actions of the individual exercising control over the firearm."[3] Also, this court has repeatedly held that a victim's belief that the weapon is a gun, together with the intent on the part of the accused to create and use that belief for his criminal purposes, is sufficient to prove a firearm specification.[4]
In the case at bar, we hold that the state presented sufficient evidence to establish the firearm specification. Smith testified that he had owned firearms and was familiar with different types of handguns. He testified that the weapon brandished by Batton appeared to be a .38-caliber pistol and that it appeared to be a functional firearm. Both Smith and Bishop testified that Batton created the belief that the firearm was operable when he brandished the weapon and demanded money. Therefore, although the gun was not recovered and tested for operability, we nonetheless hold that the state presented ample evidence to support the firearm specification, and the first and second assignments of error are overruled.
In his third and final assignment of error, Batton argues that the conviction was contrary to the weight of the evidence. To reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[5]
In the case at bar, we cannot say that the jury's verdicts were against the weight of the evidence. As we have previously noted, the state presented competent evidence as to each of the essential elements. Batton argues, however, that his denial of the offenses, coupled with several asserted discrepancies in the testimony of the state's witnesses, rendered the verdicts improper. We disagree. The credibility of the witnesses and the weight to be given the evidence are primarily reserved for the trier of fact,[6] and we cannot say that the jury in the instant case clearly lost its way in finding Batton guilty. The third assignment of error is accordingly overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Sundermann, JJ.
[1] The counts on which Batton was found guilty related to Smith. The jury acquitted Batton of aggravated robbery and robbery with respect to Bishop.
[2] State v. Waddy (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819,825.
[3] See, also, State v. Murphy (1990), 49 Ohio St.3d 206,551 N.E.2d 932.
[4] See, e.g., State v. James (Dec. 22, 1994), Hamilton App. No. C-930618, unreported.
[5] State v. Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541,546.
[6] State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.